# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SEAN E. POSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13 CV 1033 |
| | ) |
| MARK LEVENHAGEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Sean Posey, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 8.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, the plaintiff complains that the defendants failed to protect him from an assault by another inmate when he was housed at Westville Correctional Facility ("Westville"). He claims that on September 13, 2012, he was assaulted by several members of the "Dirty White Boys" street gang. After this assault, he was temporarily

moved to protective custody. He claims that he notified Sharon Hawk (complex director at Westville), Lawrence Warg (classification supervisor), and Tom Stinson (an internal affairs officer), that he was in fear for his safety and in need of continued protection from members of that gang, but they did not take action to protect him. Instead, in early November he was sent back to the general population, a move he claims was authorized by Tommy Horne (another complex director at Westville). Shortly after his return to general population, he was again threatened and harassed by members of the Dirty White Boys street gang. He claims he notified several correctional officers that he needed protection from these individuals, but their responses were either to ignore him outright or to tell him the problem was "all in his head." He claims to have spoken with Sergeant Burris, Sergeant Curtis, Sergeant Palmroy, Lieutenant Creasy, Lieutenant Lewis, Lieutenant Battle, Sergeant Scott, and Captain Steinbeck (first names unknown)[1] during this period, but they allegedly did nothing to assist him.

On December 21, 2012, the plaintiff was assaulted by another member of the same gang, who hit him in the head with a padlock, causing him serious injury. He was moved to protective custody that same day, and while there he wrote to several prison officials asking for an investigation, but did not receive any response. In January 2013, he filed a grievance over this incident, which he claims was not properly processed by the grievance specialist, Timothy Bean. He also sent correspondence to several Indiana

---

[1] Posey identifies each of these individuals as "John" or "Jane" (with quotation marks), apparently to signify that he does not know their actual first names. (DE # 8 at 2.)

Department of Correction ("IDOC") officials, but they did not respond. In July 2013, he was transferred to New Castle Correctional Facility, where he remains to date. Based on these events, the plaintiff sues all of the above individuals for compensatory and punitive damages, among other relief.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Nevertheless, as the U.S. Court of Appeals for the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, taking the plaintiff's allegations as true, he alleges that after the first attack by the Dirty White Boys, he told defendants Hawk, Warg, Stinson, Burris, Curtis, Palmroy, Creasy, Lewis, Battle, Scott, and Steinbeck that he was at risk of harm by these individuals and in fear for his safety, but they failed to take adequate action to protect him. One of these inmates later assaulted him, inflicting a serious head injury. Giving the plaintiff the inferences to which he is entitled at this stage, he has alleged a plausible deliberate indifference claim against these defendants.

As to the other defendants, however, the plaintiff has failed to allege a plausible claim for relief. He alleges that Horne authorized his move back to general population, but he does not allege, nor is there a plausible basis for inferring, that Horne had actual notice of an impending risk of harm. Although Posey claims he notified several other staff members that he was in fear for his safety, he does not mention Horne. Horne can only be held liable for his own misconduct, not for an act or omission of another prison employee. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's."); *see also Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995) (observing that a defendant must have both the subjective knowledge and the authority over the challenged issue to be held liable for deliberate indifference). Furthermore, the mere fact that Posey was assaulted in September would not be enough to put Horne on actual notice that Posey was in continuing need of protective custody in November. Knowledge of the general risk of violence in a correctional facility is insufficient to support a failure to protect claim. *Brown*, 398 F.3d at 913. Accordingly, Horne will be dismissed as a defendant.

Posey also lists Captain Earhart (first name unknown) as a defendant, but he is not mentioned anywhere in the narrative section of the complaint, nor is there a plausible basis to infer that he was personally involved in these events. Posey may be trying to hold him liable because he supervises the other correctional officers involved, but there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State*

4

*Police*, 251 F.3d 612, 651 (7th Cir. 2001). Accordingly, he will be dismissed as a defendant.

As to Bean, Posey alleges that he failed to properly process his grievance, but processing a grievance cannot form the basis for liability under Section 1983. *Burks*, 555 F.3d at 595-96. There is nothing to suggest Bean was involved in the underlying events or otherwise failed to take action to protect Posey from the assault by the other inmate. Accordingly, he will be dismissed as a defendant.

Finally, Posey claims that Superintendent Mark Levenhagen, Assistant Superintendent Michael Scott, and Major Forker (first name unknown) failed to respond to correspondence he sent them after these events occurred. However, as the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights. . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595. In other words, simply receiving correspondence from Posey does not make these officials liable for an Eighth Amendment violation committed by other prison personnel. Posey does not allege, nor is there a plausible basis for inferring, that they were personally involved in these events, that they had actual notice of the risk of harm prior to the attack, or that they otherwise personally failed to protect Posey from violence at the hands of the other inmate. Indeed, by the time he wrote to them, he was already in protective custody, and he was later moved to a different correctional

5

facility altogether. He has not alleged a plausible failure to protect claim against these defendants.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sharon Hawk, Lawrence Warg, Tom Stinson, Sergeant Burris, Sergeant Curtis, Sergeant Palmroy, Lieutenant Creasy, Lieutenant Lewis, Lieutenant Battle, Sergeant Scott, and Captain Steinbeck in their individual capacities for monetary damages for failing to protect him from an attack by another inmate;

(2) **DISMISSES** Mark Levenhagen, Tommy Horne, Captain Earhart, Major Forker, Michael Scott, and Timothy Bean as defendants;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on Sharon Hawk, Lawrence Warg, Tom Stinson, Sergeant Burris, Sergeant Curtis, Sergeant Palmroy, Lieutenant Creasy, Lieutenant Lewis, Lieutenant Battle, Sergeant Scott, and Captain Steinbeck pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS** these defendants to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: December 23, 2013

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT