UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| SEAN E. POSEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:13 CV 1033 |
| MARK LEVENHAGEN, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Sean Posey, a *pro se* prisoner, is proceeding on a claim that the staff at Westville Correctional Facility ("Westville") failed to protect him from an attack by another inmate. (DE # 10.) Defendants move for summary judgment on the ground that Posey did not exhaust his administrative remedies before filing suit. (DE # 20.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355,

358 (7th Cir. 2010). Nevertheless, a party opposing summary judgment may not rely on allegations in his or her own pleadings, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust before bringing his lawsuit, and efforts to exhaust while the case is pending do not satisfy 42 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *See Jones v. Bock,* 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The United States Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

The events giving rise to this lawsuit began in September 2012, when Posey first expressed fears about his safety to prison staff, and culminated on December 21, 2012, when he was attacked by another inmate. (DE # 10.) At all relevant times, and pursuant to Indiana Department of Correction ("IDOC") policy, Westville had a grievance

2

procedure under which inmates could grieve a broad range of issues, including actions of staff or other concerns pertaining to the conditions of their confinement. (DE # 20-1.) The process begins with the inmate attempting to resolve the matter informally with the staff. (*Id.* at 14.) If the issue cannot be resolved informally, the inmate must file a formal grievance within 20 working days of the underlying incident. (*Id.* at 16.) If the grievance is not resolved to the inmate's satisfaction, he must file an appeal within 10 working days of the grievance response. (*Id.* at 23.) If the inmate does not receive any response to his grievance within 25 working days, the grievance is deemed denied and he may proceed to the next step. (*Id.*)

An official record is kept of all inmate grievances, and those records reflect that Posey filed many grievances and appeals during his incarceration. (DE # 20-2.) As pertains to his failure-to-protect claim, the record shows that in January 2013 he filed a grievance complaining about the December 2012 attack.[1] (DE # 26, Posey Amended Aff.

---

[1] Posey asserts that he submitted this grievance on January 14, 2013, but after receiving no response resubmitted it in late January or early February 2013. (DE # 25, Posey Aff. ¶ 13; DE 26, Posey Amended Aff. ¶ 28.) IDOC records reflect that the grievance was not received until February 11, 2013, and was answered on that same date. (DE # 20-3 at 2.) Because prison staff considered the grievance on the merits, it is irrelevant whether Posey filed it within 20 days of the underlying incident as required by IDOC policy. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."); *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005) ("[A] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming."). The court has accepted Posey's filing date for purposes of the present motion.

3

¶ 28; DE # 8 at 5.) The prison's executive assistant, Timothy Bean, responded on February 11, 2013, stating, "This matter is being referred to the Internal Affairs Department and any information pertaining to this issue will be kept confidential as per statute." (DE # 20-3 at 2.) There is no record that Posey filed an appeal of this grievance. (*Id.*) Because Posey did not complete all levels of the grievance process, the defendants argue that they are entitled to summary judgment on exhaustion grounds. (DE # 21.)

Posey has filed a response to the motion, along with various supporting documents. (DE ## 25-28, 30.) He does not dispute that he did not submit an appeal, but suggests that he adequately exhausted because he sent numerous letters, requests for interviews, classification appeals, and other documents complaining about the December 2012 attack. (DE # 26, DE # 30.) However, the Seventh Circuit takes a "strict compliance approach to exhaustion," *see Dole*, 438 F.3d at 809, and letter-writing or other actions taken outside the grievance process are no substitute for compliance with the prison's formal grievance process. *Pozo*, 286 F.3d at 1025. Accordingly, these documents do not demonstrate compliance with 42 U.S.C. § 1997e(a).[2]

Posey also claims that he never received Bean's response to the grievance. (DE # 25, Posey Aff. ¶ 13; DE # 26, Posey Amended Aff. ¶ 28.) Although unclear, he may be

---

[2] Posey initially stated that the letters and other documents were being improperly withheld from him by prison staff. (DE # 26 at 13; DE # 27 at 1-2). He later advised the court that he had regained access to these documents. (DE # 28, DE # 30.) This rendered moot his request for discovery and/or injunctive relief pertaining to the documents. (*See* DE # 27.) Furthermore, as discussed above, these documents are of limited relevance since they do not demonstrate exhaustion of the formal grievance process.

4

trying to argue that he could not have filed an appeal without the response. However, under the grievance policy, a grievance is deemed denied after 25 days if no response is received. (DE # 20-1 at 23.) Posey could have proceeded to the next step at that point, but he failed to avail himself of this available remedy. He was obviously familiar with the grievance process and aware of his appeal rights, since he filed grievances and appeals pertaining to other matters during this period. (DE # 20-2; DE # 20-3 at 3-4.)

Accordingly, the undisputed facts show that Posey did not fully exhaust his administrative remedies before bringing this lawsuit. *See Pozo*, 286 F.3d at 1025. The case must be dismissed pursuant to 42 U.S.C. § 1997e(a). It is not clear that Posey still has the ability to exhaust, but because the IDOC could allow him to cure his omission, the dismissal will be without prejudice. *Ford*, 362 F.3d at 401 ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For the reasons set forth above, the defendants' motion for summary judgment (DE # 20) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED.**

Date: August 14, 2014

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT